UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

BRP ACQUISITION GROUP, INC.,            Chapter 7
d/b/a BLACK RIVER PLASTICS,               Case No. 16-51891-TJT
d/b/a BLACK RIVER COMPANIES,           Hon. Thomas J. Tucker
d/b/a BLACK RIVER CHIMPLAST

         Debtor.
_____/

CHARLES . WELLS, III, Trustee

         Plaintiff,

vs.                                                               Adversary Proceeding
                                                                No. 17-04147-TJT

MARIA FAYE CABALLERO, a/k/a MARIAFAYE
CABALLERO, f/k/a MARIAFAYE C. MYTNYK,
PETER MYTNYK, 2345 PETIT STREET, LLC,
1611 16TH STREET LLC, and EDISON
SHORES FUNDING, LLC,

         Defendants.
_____/

**ANSWER TO COMPLAINT**

      Now Come Defendants Maria Faye Caballero ("Caballero"), Peter Mytnyk ("Mytnyk"), 2345 Petit Street, LLC ("Petit St."), 2611 16th Street, LLC "(16th St.), and Edison Shores Funding, LLC ("ESF"), by and through their counsel, Christopher B. Mytnyk, Esq., and submit their Answer to the Complaint filed by counsel for Chapter 7 Trustee Charles L. Wells, III, stating as follows:

pg. 1

## Jurisdiction

1. Defendants neither admit nor deny the allegation for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

2. Defendants neither admit nor deny the allegation for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

## Facts

**The Parties**

3. Admitted that Debtor filed a voluntary petition under Chapter 7 on August 26, 2016.

4. Admitted that Charles L. Wells, III is the duly appointed Chapter 7 Trustee.

5. Admitted that Debtor was incorporated on or about November 7, 1999, with a registered office and operating location at 2611 16th Street, Port Huron, Michigan and was engaged in the business of manufacturing injection molded plastics and the supply of metal components. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

6. Admitted that Caballero resides in Rochester, Michigan and previously served as BRP's president and CEO during its years in business and was a 51% shareholder of BRP. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

7. Admitted that Mytnyk resides in Port Huron, Michigan, was previously married to

Caballero, and was a 49% shareholder of BRP. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

8 Admitted that Petit St. is a Michigan limited liability company formed on or about November 27, 2002 by Caballero and Mytnyk as sole members, each owning 50%. Admitted that Petit St owns real property located at 2345 Petit Street, Port Huron, Michigan ("the Petit St. property"). Admitted that Petit St. leased the Petit St. property to BRP. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

9. Admitted that 16th St. is a Michigan limited liability company formed on or about November 20, 2003 by Caballero and Mytnyk as sole members, each owning 50%. Admitted that 16th St. had offices at 2611 16th Street, Port Huron, Michigan ("the 16th St. property"). Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

10. Admitted that ESF is a Michigan limited liability company. Admitted that ESF is owned by Mytnyk. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

11. Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

12. Admitted that Black River Automotive, LLC ("Black River") was a Michigan limited liability company. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

pg. 3
17-04147-tjt    Doc 5    Filed 03/18/17    Entered 03/18/17 20:18:39    Page 3 of 15

13. Admitted that the undersigned is a Michigan attorney, the son of Caballero and Mytnyk and maintains a law practice which conducts business as The Sterling Law Firm. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

14. Admitted that Ted Funke & Associates, P.C. ("Funke") is an accounting firm that performed professional services for BRP and Defendants at times relevant to the Complaint. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

**Background**

15. Admitted that BRP quit claimed the 16th St. property to 16th St. pursuant to refinancing of the 16th St. property and assumption of debt by 16th St. Admitted that 16th St. leased the 16th St. property to BRP. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

16. Admitted that Petit St. leased the Petit St. property to BRP. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

17. Admitted.

18. Admitted that BRP and related entities were placed in work-out by JPMorgan Chase Bank, N.A. ("JPMorgan") and certain forbearance agreement were executed by BRP and related entities. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

19. Admitted that on September 17, 2009, JPMorgan filed a complaint for

$1,381,996.62 against BRP and related entities and that the amounts sought by JPMorgan were cross collateralized and cross guaranteed by BRP and related entities. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

20. Admitted that on January 11, 2010, JPMorgan obtained a judgment in the amount of $1,286,962.21 against BRP and related entities. Defendants deny the insinuation that there was any bad faith in satisfaction of the JPMorgan judgment. In further response, Defendants state that JPMorgan dictated and applied amounts paid pursuant to the judgment in the order and preference JPMorgan deemed. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

21. Caballero denies that she owes any amount of money to debtor. Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

22. Caballero and Mytnyk denies having received cash loans from debtor in 2010. Caballero denies that she owes any amount of money to debtor. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

23. Defendants deny the alleged faux merger for the reason it is untrue. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

24. Caballero denies that she owes any amount of money to debtor. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a

pg. 5
17-04147-tjt    Doc 5    Filed 03/18/17    Entered 03/18/17 20:18:39    Page 5 of 15

belief as to the truth thereof and leaves movant to its proofs.

25. Caballero denies that she owes any amount of money to debtor. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

26. The allegations are denied for the reason they are untrue.

27. The allegations are denied for the reason they are untrue.

28. Defendants deny that they engaged in any wrongdoing. Caballero denies that she owes any amount of money to debtor. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

29. Admitted that the 16th St. property was sold on March 3, 2011. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

30. Admitted that 16th St. and Petit St. filed proofs of claim in the bankruptcy estate for accrued and unpaid rents owed by debtor to them. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

31. Admitted that ESF filed a proof of claim in the bankruptcy estate for a secured claim in the amount of $176,460.00. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

32. Defendants deny the alleged "Property Transfer" as untrue. Defendants neither admit nor deny the remainder of allegations for lack of information upon which to form a belief

as to the truth thereof and leaves movant to its proofs.

33. Caballero denies the allegation for the reason it is untrue.

34. Petit St. and 16th St. deny the allegation for the reason it is untrue.

35. Defendants deny the allegation for the reason it is untrue.

36. Defendants state that the satisfaction of obligations to JPMorgan were made in accordance of the JPMorgan judgment. Defendants deny any alleged wrongdoing for the reason such allegations are untrue. Mytnyk and Caballero deny that they failed to preserve and/or destroyed any of debtor's records for the reason it is untrue.

37. Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

38. Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

39. The allegations are denied for the reason they are untrue.

**Count I**

**Turnover - Defendant Caballero**

40. Defendants restate their answers contained in paragraphs 1 through 39 and incorporates them herein by reference.

41. Caballero denies that she owes any amount of money to debtor. Caballero denies the allegations in their entirety for the reasons they are untrue.

42. Defendants deny the allegations in their entirety for the reason they are untrue.

43. Caballero denies that she owes any amount of money to debtor for the reason the allegations is untrue.

44. Caballero denies any balance of money owing to debtor by her for the reason it is untrue.

45. Caballero denies the allegation for the reason it is untrue.

WHEREFORE, Caballero requests entry of an appropriate order denying the trustee's claim and requested relief.

### Count II

### Fraudulent Transfer - Caballero, 16th St. and Petit St.

46. Defendants restate their answers contained in paragraphs 1 through 45 and incorporates them herein by reference.

47. Defendants deny the allegations in the entirety for the reason they are untrue.

48. Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

49. Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

WHEREFORE Caballero, 16th St .and Petit St. request entry of an order denying the trustee's claim and requested relief.

### Count III

### Property Transfer by Debtor as Fraud - All Defendants Except ESF

50. Defendants restate their answers contained in paragraphs 1 through 49 and incorporates them herein by reference.

51. Caballero and Mytnyk deny the allegations in the entirety for the reason they are

untrue.

52. Defendants deny the alleged property transfer in its entirety for the reason it is untrue. Defendants deny the allegations in their entirety for the reason they are untrue.

53. Defendants deny the alleged property transfer in its entirety for the reason it is untrue. Defendants deny the allegations in their entirety for the reason they are untrue.

WHEREFORE Caballero, Mytnyk, 16th St .and Petit St. request entry of an order denying the trustee's claim and requested relief.

## COUNT IV

### Breach of Fiduciary Duty - Caballero and Mytnyk

54. Defendants restate their answers contained in paragraphs 1 through 53 and incorporates them herein by reference.

55. Admitted that Caballero and Mytnyk were officers of debtor. They neither admit nor deny the remainder of allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

56. Caballero and Mytnyk neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

57. Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

58. Defendants deny the allegations in their entirety for the reason they are untrue.

59. Defendants deny the allegations in their entirety for the reason they are untrue.

60. Defendants deny the allegations in their entirety for the reason they are untrue.

61. Defendants deny the allegations in their entirety for the reason they are untrue.

WHEREFORE, Defendants request entry of an order denying the trustee's claim and requested relief.

### Count V

### Breach of Duty of Care - Caballero and Mytnyk

62. Defendants restate their answers contained in paragraphs 1 through 61 and incorporates them herein by reference.

63. Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

64. Defendants deny the allegations in their entirety for the reason they are untrue.

65. Defendants deny the allegations in their entirety for the reason they are untrue.

66. Defendants deny the allegations in their entirety for the reason they are untrue.

WHEREFORE, Defendants request entry of an order denying the trustee's claim and requested relief.

### COUNT VI

### Claim Disallowance - All Defendants

67. Defendants restate their answers contained in paragraphs 1 through 66 and incorporates them herein by reference.

68. Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

69. Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

70. Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof and leaves movant to its proofs.

WHEREFORE, Defendants request entry of an order denying the trustee's claim and requested relief.

Respectfully Submitted,

Dated: March 18, 2017
/s/    Christopher B. Mytnyk_____
Attorney for Defendants
15000 Hall Road
Sterling Heights, MI 48313
(586) 532-6296
cmytnyk@sterlingfirm.com
(P69897)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

| | |
|---|---|
| BRP ACQUISITION GROUP, INC., d/b/a BLACK RIVER PLASTICS, d/b/a BLACK RIVER COMPANIES, d/b/a BLACK RIVER CHIMPLAST | Chapter 7 Case No. 16-51891-TJT Hon. Thomas J. Tucker |

       Debtor.
_____/

CHARLES . WELLS, III, Trustee

       Plaintiff,

vs.

MARIA FAYE CABALLERO, a/k/a MARIAFAYE CABALLERO, f/k/a MARIAFAYE C. MYTNYK, PETER MYTNYK, 2345 PETIT STREET, LLC, 1611 16TH STREET LLC, and EDISON SHORES FUNDING, LLC,

       Defendants.
_____/

Adversary Proceeding
No. 17-04147-TJT

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

Now Come Defendants Maria Faye Caballero ("Caballero"), Peter Mytnyk ("Mytnyk"), 2345 Petit Street, LLC ("Petit St."), 2611 16th Street, LLC "(16th St.), and Edison Shores Funding, LLC ("ESF"), by and through their counsel, Christopher B. Mytnyk, Esq., and submit their Affirmative Defenses stating as follows:

    1.    Failure to state a claim for turnover against Caballero. An action for turnover cannot be maintained to collect a debt.

2. The claim against Caballero to collect the balance of the alleged shareholder loan is barred by the state statute of limitations for collection of a debt.

3. The claim that the debtor's satisfaction of the debt of 16th St. and Petit St. loans to JPMorgan was not for reasonably equivalent value cannot succeed since each entity guaranteed the debt of every other entity and paying one's antecedent debt is by definition reasonably equivalent value. M.C.L. § 566.33(1).

4. Any claim that the transfer of the 16th Street and Petit Street real properties was a fraudulent conveyance is barred by the statute of limitations.

Respectfully Submitted,

Dated: March 18, 2017

/s/ Christopher B. Mytnyk
Attorney for Defendants
15000 Hall Road
Sterling Heights, MI 48313
(586) 532-6296
cmytnyk@sterlingfirm.com
(P69897)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

| | |
|---|---|
| BRP ACQUISITION GROUP, INC., d/b/a BLACK RIVER PLASTICS, d/b/a BLACK RIVER COMPANIES, d/b/a BLACK RIVER CHIMPLAST | Chapter 7<br>Case No. 16-51891-TJT<br>Hon. Thomas J. Tucker |

       Debtor.
_____/

CHARLES . WELLS, III, Trustee

       Plaintiff,

vs.                                                                                                                           Adversary Proceeding
                                                                                                                 No. 17-04147-TJT

MARIA FAYE CABALLERO, a/k/a MARIAFAYE
CABALLERO, f/k/a MARIAFAYE C. MYTNYK,
PETER MYTNYK, 2345 PETIT STREET, LLC,
1611 16TH STREET LLC, and EDISON
SHORES FUNDING, LLC,

       Defendants.
_____/

## CERTIFICATE OF SERVICE

      I hereby certify that on March 18, 2017, I electronically filed (1) Defendants' Answer and Affirmative Defenses and (2) Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys and parties of record including:

| | |
|---|---|
| Office of the U.S. Trustee<br>211 W. Fort St., Ste. 700<br>Detroit, MI 48226 | Charles L. Wells, III, Esq.<br>903 N. Opdyke Rd., Ste. A2<br>Auburn Hills, MI 48326 |

pg. 14

Martin L. Fried, Esq.  
Goldstein, Bershad & Fried, P.C.  
4000 Town Center, Ste. 1200  
Southfield, MI 48075

Elias T. Majoros, Esq.  
24901 Northwestern Hwy., Ste. 444  
Southfield, MI 48075

Respectfully Submitted,

Dated: March 18, 2017

/s/   Christopher B. Mytnyk_____  
Attorney for Defendants  
15000 Hall Road  
Sterling Heights, MI 48313  
(586) 532-6296  
cmytnyk@sterlingfirm.com  
(P69897)