UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

BRP ACQUISITION GROUP, INC.,             Chapter 7
d/b/a BLACK RIVER PLASTICS,               Case No. 16-51891-TJT
d/b/a BLACK RIVER COMPANIES,           Hon. Thomas J. Tucker
d/b/a BLACK RIVER CHIMPLAST,

    Debtor.
_____/

CHARLES L. WELLS, III, Trustee

    Plaintiff,

vs.                                                                         Adversary Proceeding
                                                                                No. 17-04147

MARIA FAYE CABALLERO, a/k/a MARIAFAYE
CABALLERO, f/k/a MARIAFE C. MYTNYK,
PETER MYTNYK, 2345 PETIT STREET, LLC,
2611 16TH STREET, LLC, and EDISON
SHORES FUNDING, LLC,

    Defendants.
_____/

## ORDER RESOLVING MOTION TO COMPEL DISCOVERY AND ALSO ADDRESSING CERTAIN OTHER DISCOVERY MATTERS

This Order came before the Court upon the stipulation of the parties. This Order resolves the Plaintiff's Corrected Motion to Compel Discovery (docket #28). The Court has reviewed this matter and, noting the agreement of the parties, finds good cause to grant the relief requested.

    1.     Plaintiff's Motion to Compel Discovery (docket #28) is withdrawn without prejudice.

    2.     Defendants, at trial of this matter, shall not present any live or recorded testimony of Peter Mytnyk.

3. With regard to the response to the subpoena issued to Christopher Mytnyk, managing member of Mytnyk and Associates, PLLC, aka the Sterling Law Firm ("the Firm"), dated September 1, 2017, no documents exist responsive to subpoena document requests numbered 1-7. Christopher Mytnyk and the Firm shall not supplement their response to the subpoena.

4. With regard to Defendant Maria Faye Caballero's Response to Plaintiff's First Request for Production of Documents (docket number 36) request number 2, no promissory note exists and no other responsive documents exist other than what is contained in the Debtor's general ledgers prepared by Ted Funke and those documents already produced by Defendants pursuant to prior order of this Court.

5. With regard to Defendant Peter Mytnyk's response to Plaintiff's First Request for Production of Documents (docket number 37) requests numbered 5, 6, 7, and 8, no such responsive documents exist.

6. With respect to Peter Mytnyk's responses to Plaintiff's First Request for Production of Documents (docket 37), request number 10, no such general ledgers or check registers exist except for those maintained by accountant Ted Funke. With respect to request number 12, defendants will provide to plaintiff any documents responsive to this request promptly upon defendants' receipt of any such documents pursuant to defendants' outstanding bank subpoenas.

7. With respect to Defendant 2611 16th Street, LLC's responses to Plaintiff's First Request for Production of Documents (docket 39) requests numbered 2 through 8, no such documents exist other than the documents which have already been produced pursuant to prior Court order.

8. With respect to defendant Edison Shores Funding, LLC's responses to Plaintiff's First Request for Production of Documents (docket 38), requests numbered 1 and 4 through 9, no such documents exist.

9. With respect to Defendant Edison Shores Funding, LLC's responses to Plaintiff's First Request for Production of Documents (docket 38), request number 12, no promissory notes or other responsive documents exist for deposit slips 1031, 1032 and Michigan Department Of Treasury's June 21, 2011 Receipt.

10. With respect to Defendant 2345 Petit Street, LLC's responses to Plaintiff's First Request for Production of Documents (docket 40), request number 2, no such documents exist other than the debtor's general ledger and other documents establishing the satisfaction of the JP Morgan Chase judgment, the bank's transaction history, and debtor's income tax returns and those documents already produced pursuant to prior Court order. With respect to requests 3 through 8, no such responsive documents exist.

11. Defendants shall not produce at trial of this matter any documents filed in or related to the Oakland County Circuit Court divorce proceedings in the case of Mariafe Mytnyk v Peter Mytnyk, Case # 05-711834-DO, including any related property settlement, nor will defendants be permitted to rely on any such documents in connection with any claim which they may assert against the bankruptcy estate of BRP ACQUISITION GROUP, INC., d/b/a BLACK RIVER PLASTICS, d/b/a BLACK RIVER COMPANIES, d/b/a BLACK RIVER CHIMPLAST, Case No. 16-51891-TJT.

12. Defendants shall provide to plaintiff any documents responsive to any of plaintiff's Requests For Production of Documents promptly upon defendants' receipt of any such documents pursuant to defendants' outstanding bank subpoenas.

# EXHIBIT 1

H:\GLM OTHER TRUSTEES\BRP Acquisition Group (Wells)\Wells v. Caballero, et al\StipResolvingMotionCompel\OrderResolvingMotionCompelDiscovery-cw.docx